**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reina Rutt Gonzales Merlo, et al.,  )<br>                                                   )<br>            Plaintiffs,             )<br>    vs.                              )<br>                                      )<br>Canamex Freight Systems, Inc., et )<br>al.,                                  )<br>                                      )<br>            Defendants.        )  | No. CV-08-8004-PCT-PGR<br><br>ORDER |

In their complaint filed on January 11, 2008, the plaintiffs allege that this Court has subject matter jurisdiction over this personal injury action solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.

The complaint alleges that "[a]ll of the Plaintiffs are citizens and residents of Honduras[,]" that "[d]efendant Canamex Freight Systems, Inc. is incorporated under the laws of Canada and has its principal place of business in Canada[,]" and that defendants Jaswant Randhawa and Harpeet Randhawa "are residents of Canada." No party is alleged to be a citizen of the United States.

Since it is well established that diversity jurisdiction simply does not encompass foreign plaintiffs suing foreign defendants, <u>Nike, Inc. v. Comercial Iberica de Exclusivas Departivas, S.A.</u>, 20 F.3d 987, 991 (9th Cir. 1994); <u>Faysound Ltd. v. United Coconut Chemicals, Inc.</u>, 878 F.2d 290, 294 (9th Cir. 1989); <u>Cheng v. Boeing Co.</u>, 708 F.2d 1406, 1412 (9th Cir.), *cert. denied*, 464 U.S. 1017 (1983), the Court will require the plaintiffs to show cause why the Court should not *sua sponte* dismiss this action without leave to amend for lack of diversity of citizenship jurisdiction.  Therefore,

IT IS ORDERED that the plaintiffs shall show cause in writing no later than **January 25, 2008** why this action should not be dismissed for lack of subject matter jurisdiction.[1]

DATED this 15th day of January, 2008.

Paul G. Rosenblatt
United States District Judge

---

[1] The plaintiffs are advised that the capitalization of the parties' names in the caption of any document filed with the Court is a violation of LRCiv 7.1(a)(3).

- 2 -